UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO HERNANDEZ QUIROZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY<br>CORRECTIONAL CENTER,<br><br>Respondents. | No. 1:26-cv-03387-DAD-CSK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS; DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DENYING RESPODNENTS' MOTION TO DISMISS<br><br>(Doc. Nos. 1, 2, 7.) |

On May 4, 2026, petitioner Antonio Hernandez Quiroz, A-File No. 204-170-361, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.)  Also on May 4, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cited cases that this court has decided.  (Doc. No. 4.)

On May 6, 2026, respondents filed a combined motion to dismiss the petition and opposition to the motion for temporary restraining order.  (Doc. No. 7.)  In that filing, respondents

1

concede that there are no material factual or legal differences between this case and the cases identified in the court's order. (*Id.* at 1.) Respondents argue in the pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP, 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents also state that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court. (Doc. No. 7 at 2.)

Based upon a review of the briefing, the court finds the following facts. Petitioner entered the United States as a child on or about September 19, 2002. (Doc. No. 1 at 3.) He was granted Deferred Action for Childhood Arrivals ("DACA") in 2017, 2020, and 2023, and has a pending DACA renewal application, which he filed in 2025. (Doc. No. 1 at 3.) Petitioner is also married to a U.S. citizen and is pursuing an immigrant visa pursuant to an "I-130 Petition for Alien Relative." (*Id.*) On February 19, 2026, petitioner was arrested for driving with an expired driver's license following a traffic stop. (*Id.* at 4.) He was transferred to ICE custody on February 21, 2026. (*Id.*) Petitioner has not been provided a bond hearing. (*Id.* at 5.)

In light of the evidence that petitioner was previously released by immigration authorities, the court incorporates and adopts the reasoning set forth in its prior order in *Kalkan, v. Chestnut, et al.*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112 (E.D. Cal. Mar. 20, 2026), in which the court found that the government's knowing decision not to detain an individual creates a liberty interest in his or her continued release. The court further incorporates the reasoning set forth in its prior order in *Anderson, v. Chestnut*, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990 (E.D. Cal. Mar. 24, 2026), in which the court found that, in light of the petitioner's liberty interest, her detention absent a pre-detention bond hearing violated due process.

Respondent argues only that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), an argument which the court has already rejected as noted above. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

/////

/////

For the reasons above,

1.   Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.   Respondents are ORDERED to immediately release petitioner Antonio Hernandez Quiroz, A-File No. 204-170-361, from respondents' custody;

    b.   Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.   Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his petition for habeas relief on the merits;

3.   Respondents' motion to dismiss (Doc. No. 7) is DENIED;

3.   The Clerk of the Court is directed to serve a copy of this order on the California City Correctional Center; and

4.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 8, 2026**

                            _Dale A. Drozd_

                            DALE A. DROZD
                            UNITED STATES DISTRICT JUDGE